EFFICIO LAW GROUP, PC
Dan Q. Do, SBN 157678
111 West Saint John Street, Suite 420
San Jose, CA 95113
Telephone: (408) 292-5505
Fax (408) 416-0931

Attorney for Plaintiff/Debtor in Possession
Rose Court, LLC

# U.S BANKRUPTCY COURT
## NORTHERN DISTRICT OF CALIFORNIA
## SAN JOSE DIVISION

| | |
|---|---|
| In re:<br>ROSE COURT, LLC<br><br>               Debtor.<br><br>ROSE COURT, LLC,<br><br>               Plaintiff,<br><br>     vs.<br><br>BANK OF AMERICA NATIONAL ASSOCIATION, SUCCESSOR BY MERGER TO LASALLE BANK NA AS TRUSTEE FOR WAMU MORTGAGE PASS-THROUGH CERTIFICATES SERIES 2007-HY7 TRUST, JPMORGAN CHASE,<br><br>               Defendants. | Chapter 11 No. 10-50993-SLJ<br><br>Adversary Proceeding No. _____<br><br>1. **Action for Declaratory Relief**<br>2. **Quiet Title**<br>3. **Rescission of Contract**<br>4. **Accounting** |

     Rose Court, LLC, debtor-in-possession in the above-captioned Chapter 11 case and the Plaintiff in the above-captioned adversary proceeding, by and through its undersigned attorneys, allege for their complaint, upon knowledge as to its own acts and upon information and belief as to all other matters, as follows:

## JURISDICTION

1. This honorable court has jurisdiction over this adversary proceeding pursuant to 28 U.S.C. §§ 1334(b) and (e) and 157(b)(1).

2. This adversary proceeding has been brought in accordance with Rule 7001(2) and (7) and Rule 7065 of the Federal Rules of Bankruptcy Procedure ("Bankruptcy Rules").

3. This matter is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(K).

**VENUE**

4. Venue of this adversary proceeding in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409(a).

**THE PARTIES**

5. Plaintiff ROSE COURT, LLC ("Rose Court " or "Plaintiff") is, and at all times mentioned in this adversarial proceeding, is a limited liability company organized under the laws of the State of California with its principal place of business in San Jose, California. In this lawsuit, Plaintiff's rights and duties are arisen from the Assignment of Rights & Duties (**Exhibit 1**) in which original borrower Teri Nguyen assigns & delegates to Plaintiff all rights and all obligations in connections with the loan transactions on the property located at 15520 Quito Road, Monte Sereno, California 95030, APN: 410-36-007 ("Property").

6. Defendant BANK OF AMERICA NATIONAL ASSOCIATION, SUCCESSOR BY MERGER TO LASALLE BANK NA AS TRUSTEE FOR WaMu MORTGAGE PASS-THROUGH CERTIFICATES SERIES 2007-HY7 TRUST ("BOA") is, and at all times mentioned in this adversarial proceeding was a corporation, organized under the laws of the State of Delaware and is doing business nationwide.

7. Defendant JPMORGAN CHASE ("Chase") is, and at all times mentioned in this adversarial proceeding was a corporation organized under the laws of the state of Delaware and does business nationwide.

**GENERAL ALLEGATIONS**

8. Teri H. Nguyen ("Nguyen") was the former owner of the Property. In April 2007, in order to re-finance a then current mortgage loan, and at the solicitation by Washington Mutual Bank ("WaMu"), Nguyen applied for a mortgage loan in the amount of $2,500,000 (the "Loan").

1  Upon approval of the Loan, she signed a promissory note (the "Note"). She also signed a deed
2  of trust dated April 24, 2007 (the "DOT") which secured the Note.  The DOT appoints California
3  Reconveyance Company ("CRC") as trustee.   The DOT was recorded against the Property at
4  the Santa Clara County Recorder, California.  Copies of the Note and the DOT are attached as
5  **Exhibit 2.**
6       9. In applying for the Loan, at WaMu's request, Nguyen submitted information
7  relating to the Property and her financial situation (profit and loss statement, tax returns, bank
8  account statements, etc) to WaMu.  Upon receiving the said information and documents from
9  Nguyen, WaMu, through its employees, proceeded to prepare the application for and on behalf
10 of Nguyen.  However, the loan application, after being prepared, was never given back to
11 Nguyen for her signature.  Relying on WaMu's expertise and assurances while facing pressure
12 to timely close escrow, Nguyen did not request a copy of the application for her review and
13 verification of the information contained therein. Afterwards, WaMu represented to Nguyen that
14 her loan application was approved. Later, Nguyen found out that the application was fabricated.
15       10. Nguyen did not learn about the fabricated application until about July 1, 2009
16 when she ordered a forensic audit of her loan documents.  It turned out that the application, as
17 fabricated by WaMu and retained in WaMu's file, did not have her signature, and that the
18 information given by Nguyen to WaMu was not faithfully reproduced, but was falsified.   A copy
19 of the application retained in WaMu's file is hereto attached as **Exhibit 3** and incorporated here
20 by reference.
21       11. On the said "Loan Application", Nguyen's monthly income (in 2007) was inflated
22 to $25,001 for "Base Employment Income" and $94.051 for "Other Income". In fact, Nguyen has
23 no knowledge where those figures came from.
24       12. On the said "Loan Application", the balance of one of Nguyen's bank accounts is
25 shown as "$400,000" with Account No. 11111111111." Again, Nguyen has no knowledge on
26 where said figures came from.
27       13. In about June 2007, the Note and the DOT were assigned and/or transferred to
28 WaMu Asset Acceptance Corporation ("WAAC").  No document evidencing such

1. assignment/transfer was ever recorded at the local county.

14. The Note and other mortgage notes were then assembled into a pool held by a trustee. The said pool was known as the "WaMu Mortgage Pass-Through Certificates Series 2007-HY7 Trust" (hereafter the "Certificates Series 2007-HY7 Trust"). The trustee was LaSalle Bank National Association ("LaSalle Bank"). Securities backed by these notes (mortgage-back securities) were issued and sold to investors. These securities were labeled "WaMu Mortgage Pass-Through Certificates Series 2007-HY7" (hereafter the "Certificates Series 2007-HY7").

15. Pursuant to a pooling service agreement known as the Certificates Series 2007-HY7 Trust's Pooling Service Agreement (the "Trust PSA"), **Exhibit 4**, WaMu retains the servicing right with respect to the notes contained in the pool. WaMu no longer was the holder or owner of the Note.

16. Nguyen made monthly mortgage payments to WaMu without events, until WaMu was taken over by Chase.

17. On October 1, 2007, LaSalle Bank (the trustee of the securities trust) was acquired by Bank of America. There was no change in Nguyen paying of mortgage payments because of this event. **Exhibit 5.**

18. On September 25, 2008, WaMu was shut down by the government. FDIC, as receiver of WaMu assets, sold WaMu assets to JPMorgan Chase ("Chase") for 1.9 billion. **Exhibit 6**. According to experts' analysis, Chase acquired WaMu assets at approximately 1.9 cent on a dollar. After that, as instructed by the Chase as new servicer, Nguyen made mortgage payments to Chase. As WaMu no longer owns the Note (and the rights on the accompanying DOT), Chase could only acquire the servicing rights held by WaMu through the purchase of WaMu's assets.

19. In the aftermath of the collapse of WaMu and later by Lehman Brothers, the US economy began to drastically decline. Nguyen continued to make payments on the Note until December 2008, when she heard about the loan modification campaign. Nguyen then requested Chase to consider the possibility of a loan modification which would result in lower mortgage payments.

20. The loan modification, after Nguyen's lengthy pursuit in several months, finally became a failure. After the denial by Chase, Nguyen came to be aware that (1) Chase was only a servicer and not the owner of the Note, and (2) as a servicer, Chase had no authority or power to modify loans, and (3) the "loan modification" campaign, was a more of a public relation stunt than a true effort to help home owners, but was necessary during the time Chase sought to qualify for bailout money from the government.

21. On March 27, 2009, Chase executed an Assignment (hereafter the "Trust Deed Assignment") that "*hereby grants, assigns and transfers to Bank of America National Associations successor by merger to LaSalle Bank NA as trustee for WaMu Mortgage Pass-Through Certificates Series 2007-HY7 Trust all beneficial interest under that certain Deed of Trust dated April 24, 2007*. **Exhibit 7**. The Trust Deed Assignment was recorded at the local county on March 30, 2009. By Chase's instruction, on the same day, CRC recorded a Notice of Default ("NOD") on the Property also at the local county. **Exhibit 8**.

22. The Trust Deed Assignment would be invalid if the Note secured by the DOT was not properly transferred. "[A] deed of trust has no assignable quality independent of the debt, it may not be assigned or transferred apart from the debt, and an attempt to assign the deed of trust without a transfer of the debt is without effect. (Citations.)" Domarad v. Fisher & Burke, Inc. (1969) 270 Cal. App. 2d 543, 553-554, 76 Cal. Rptr. 529, 1969 Cal. App. LEXIS 1556.

23. Chase has no power to assign the Note, therefore has no power to assign the DOT. The assignment of the DOT on March 27, 2009 was therefore invalid.

24. Chase continued to act as the Note holder and collected payments from Plaintiffs after March 27, 2008, the date of the purported assignment of the Deed of Trust, which indicated that the Note had already been assigned by Chase to Bank of America on said date.

25. As a result, Chase had no standing to initiate the foreclosure proceeding against Nguyen.

26. On or about July 20, 2009, Chase, through CRC, caused to be recorded a Notice of Trustee Sale ("NOS") of the Subject Property, scheduling an auction date of August 4, 2009. **Exhibit 9**.

27. The July 20, 2009 NOS was signed purportedly by a person claimed as "*Deborah Brignac, Vice-President of CRC*". Recently, this person has been named as one of the robo-signers, because dozen of signatures bearing her name, but different from each others, show up in nationwide public forum. Sixteen (16) different signatures on various foreclosure-related documents around the country are shown on **Exhibit 10.**

28. On February 1, 2010, Plaintiff then sought for protection under Chapter 11 Bankruptcy in this court.

29. On its Chapter 11 Petition, because of lack of knowledge on the identity of the Note owner, Plaintiff listed Chase as the Owner of the Note. The court set the deadline for claim filing at June 1, 2010.

30. On July 27, 2010, which was after the passing of the deadline for claim submission, BANK OF AMERICA NATIONAL ASSOCIATION, SUCCESSOR BY MERGER TO LASALLE BANK NA AS TRUSTEE FOR WAMU MORTGAGE PASS-THROUGH CERTIFICATES SERIES 2007-HY7 TRUST, ("BOA") submitted its claim on the Note. This is the first time BOA ever appeared in any court proceeding involving the Note. The 07/27/10 claim is attached with the 03/27/09 Assignment, (presented above.). The claim is also attached with a promissory note and a deed of trust that belong to another borrower.

31. Plaintiff objected to the BOA claim, on the basis that it did not have proper supporting documents, and also because it passed the deadline for claim filing. On August 28, 2010, BOA filed an Amended Claim. This time, it attaches the correct mortgage note and deed of trust. The 08/28/2010 claim was also attached with the 03/27/09 Assignment of Deed of Trust.

32. In November 2010, BOA filed Motion for Relief from Stay. This time, to prove its ownership, BOA presented a brand-new Assignment of Deed of Trust dated August 24, 2010. Similar as the March 27, 2009 Assignment, the August 24, 2010 Assignment contains the language that Chase "*hereby grants, assigns and transfers to Bank of America National Associations successor by merger to LaSalle Bank NA as trustee for WaMu Mortgage Pass-Through Certificates Series 2007-HY7 Trust all beneficial interest under that certain Deed of Trust dated April 24, 2007…*" **Exhibit 11**.

## **FIRST CAUSE OF ACTION**

**Action for Declaratory Relief**
**(Against All Defendants)**

33. Plaintiff reaffirms and re-alleges the above paragraphs as if specifically set forth more fully herein below.

34. As alleged above, after the securitization of the Note, WaMu remained only as loan servicer. When Chase acquired WaMu's assets on September 25, 2008, Chase could only acquire said servicing rights, and could not become the owner of the Note. The assignments of the DOT on March 27, 2009 and August 24, 2010 are therefore invalid.

35. The proofs of claim by BOA as based on such assignments are consequently invalid.

WHEREFORE, Plaintiff prays that the Court issues an order declaring the DOT assignments of March 27, 2009 and August 24, 2010 and the accompanying proofs of claim invalid.

## SECOND CAUSE OF ACTION
### Quiet Title
**(Against All Defendants)**

36. Plaintiff reaffirms and re-alleges the above paragraphs as if specifically set forth herein below.

37. Plaintiff seeks to quiet title against the claims of BOA and Chase. These defendants' claims are without any right, and they have no right, title, estate, lien, or interest in the Property.

38. Chase, through its acquisition of WaMu's assets, was only a servicer of the Note, and has no right with regard to the title to the Property.

39. The assignments of the DOT from Chase to BOA were invalid. BOA therefore has no right with regard to the title to the Property.

40. Plaintiff desires and is entitled to a judicial declaration that the title to the Property is vested in Plaintiff alone and that the defendants herein, and each of them, be declared to have no estate, right, title or interest in the subject property and that said defendants, and each of them, be forever enjoined from asserting any estate, right, title or interest in the Property adverse to Plaintiff herein.

## THIRD CAUSE OF ACTION
### Rescission of Contract
### (Against BOA as Assignee of WaMu)

41. Plaintiff reaffirms and re-alleges the above paragraphs as set forth more fully herein below.

42. Section 1689 of the California Civil Code provides in part as follows:

. . .

*(b) A party to a contract may rescind the contract in the following cases:*

*(1) If the consent of the party rescinding, or of any party jointly contracting with him, was given by mistake, or obtained through duress, menace, fraud, or undue influence, exercised by or with the connivance of the party as to whom he rescinds, or of any other party to the contract jointly interested with such party.*

. . .

*(6) If the public interest will be prejudiced by permitting the contract to stand.*

. . .

43. As indicated in the complaint, the Loan issued by WaMu to Nguyen is a contract obtained through fraud (intentional misrepresentation). The misrepresentation of facts is the representation by WaMu to Nguyen that her application was approved. The fabrication of information on the application was for the purpose of gaining business (the issuance of the loan) from Nguyen. Nguyen would not have consented to the loan but for WaMu's intentional misrepresentation. The misrepresentation was intentional.

44. To require Nguyen to continue to perform the obligations under the loan is adverse to the public interest as such requirement will encourage financial and banking institutions to commit fraud when lending money to unaware borrowers and making profits at the borrowers' expenses, or to tolerate agreements entered into as the result of such fraud committed by individuals which shared common interests with the lenders.

45. The Loan should be rescinded under Section 1689. It follows that the Deed of Trust should be considered null and void.

46. Plaintiff offers to restore to BOA the consideration given by the Certificates Series 2007-HY7 Trust for the acquisition of the Note, less any profits and/or interest already obtained by the trust as the result of such acquisition or assignment.

47. An accounting rendered by the court is necessary to determine the consideration given by Certificates Series 2007-HY7 Trust for the acquisition of the Note.

48. When the said consideration has been determined, Plaintiff will seek leave by the court to have reasonable time to make the above-said restitution.

**FOURTH CAUSE OF ACTION**
**Accounting**
**(Against Chase and BOA as Assignee of WaMu)**

49. Plaintiff reaffirms and re-alleges the above paragraphs as if specifically set forth more fully herein below.

50. The total amount paid by Nguyen under the voided Note is unknown to Plaintiff and cannot be determined without an accounting.

51. The consideration given by Certificates Series 2007-HY7 Trust and other real parties in interest for the acquisition of the Note is unknown to Plaintiff and cannot be determined without an accounting, which would require the participation of both BOA and Chase. Plaintiff needs such accounting to determine the restitution amount that is required on Plaintiff's part as the result of the rescission of the Note.

**RELIEF SOUGHT**

WHEREFORE, Plaintiff demands judgment against the defendants, and each of them, as follows:

A. <u>On the First Cause of Action (Declaratory Relief)</u>

For an order declaring that the assignments of the deed of trust dated March 27, 2009 and August 24, 2010 and the proofs of claims based on said assignments invalid, and to be rendered null and void.

B. <u>On the Second Cause of Action (Quiet Title)</u>:

An order from the Court declaring that BOA and Chase have no ownership, or interest of any kind on the Property, and that Plaintiff owns the Property free and clear of any lien or cloud on title.

C. <u>On the Third Cause of Action (Rescission)</u>

1. An order rescinding the loan contract and restoring to the parties thereto or their legal assignees, the consideration paid the parties for the performance of the said contract.

D. <u>On the Fourth Cause of Action (Accounting):</u>

An accounting among Plaintiff, Chase, and BOA rendered by the Court determining the amount, if any, that one party owes the others.

E. <u>On all Causes of Action:</u>

a. An attorney fee award as may be permitted by law;

b. For costs of suit incurred herein; and

c. For such other and further equitable relief, declaratory relief and legal damages as may be permitted by law and as the court may consider just and proper.

Dated: December 27, 2010

                               _/s/ Dan Do_____
                               DAN DO
                               Attorney for Plaintiff